ROSS *et al. v.* COMPAGNIE COMMERCIALE DE TRANSPORTATION DE VAPEUR.

*(Circuit Court, E. D. Louisiana. February 16, 1891.)*

SHIPPING—CHARTER-PARTY—AGREEMENT TO SUBMIT—ARBITRATION.

A charter-party provided that any question arising between the owners or the master and charterers should be referred to the arbitration committee of the New Orleans Maritime Association, "or, at the master's option, to two arbitrators," chosen in a manner therein set forth. *Held* that, on the master's refusal to elect as to arbitrators, no arbitration could be had; the only remedy for the charterers in such case being suit for damages for breach of agreement to submit, or suit upon their cause of action.

In Admiralty.

*E. W. Huntington* and *J. P. Hornor,* for plaintiff.

*Thos. J. Semmes,* for defendant.

BILLINGS, J. This cause is on trial before the court, a jury having been waived. A question has come up as to the validity and binding force of an award by arbitrators, and the attorneys by agreement submitted this question for decision to the court without a jury. The parties hereto executed in London, England, a charter-party with reference to the steam-ship La Gaule, by the terms of which the steam-ship was, among other things, to load or take on her cargo at New Orleans. The charter-party contained this provision:

"Should any question or questions arise previous to sailing from port of loading by which the owners or the master and charterers become at variance as to their respective rights and duties, the same shall be there referred to the arbitration committee of the New Orleans Maritime Association, or, at master's option, to two arbitrators,—one appointed by the master, and the other by the charterers or their agents. In case of disagreement, these two arbitrators shall choose an umpire, who shall decide. It is agreed that the committee of the maritime association or the arbitrators and their umpire shall have the power of amicable compounders, and their decision shall be binding on both parties, and without appeal."

While the vessel was loading, a question did arise. The plaintiffs addressed to the defendant's agents in New Orleans the following notes:

"NEW ORLEANS, 14th April, 1885.

"*Messrs. S. V. Fornaris & Co., Agents Cie. Commerciale*—GENTLEMEN: We beg to notify you that we claim an arbitration, as provided in the charter of S. S. La Gaule, on points in dispute.

"Respectfully,

[Signed]                                                "ROSS, KEEN & CO."

"B.                                                NEW ORLEANS, 14th April, 1885.

"*Capt. Renaland, S. S. La Gaule*—DEAR SIR: As we claim the arbitration provided for in the charter of your vessel to decide the question under same now in dispute, please advise us whether you wish to exercise the option allowed you of selecting an arbitration committee outside that of the maritime Ass'n.                                Respectfully,

[Signed]                                                "ROSS, KEEN & CO."

To which the defendant returned the following reply:

"C.                                    NEW ORLEANS, April 15th, 1885.

"*To Mess. Ross, Keen & Co., E. V.*—GENTLEMEN: Referring to your letter of the 14th inst., we beg to say that we decline your offer for the proposed arbitration.                    Yours, resp'y,

[Signed]                              "S. V. FORNARIS & Co."

The committee of the maritime association addressed the defendant the following note:

"D.                                    NEW ORLEANS, April 18th, 1885.

"*Messrs. S. V. Fornaris & Co., Agts. S. S. La Gaule*—GENT'N: I beg to inform you that the committee on arbitration of this association, to whom is referred the matter in dispute, per charter of said steamer with Ross, Keen & Co., will take consideration of this case on Monday next, 20th inst., at 12 o'clock noon, when the committee will be pleased to hear the evidence of such witnesses as you may produce.  I am, dear sirs,

"Yours, respect'y,

[Signed]                              "L. LA COMBE, Sec't'y."

To which the defendant replied as follows:

"E.                                    NEW ORLEANS, April 18th, 1885.

"*To the N. O. Maritime Association, City*—GENT'N: In answer to your communication of this date, we beg to refer you to our letter under date 15th inst., addressed to Messrs. Ross, Keen & Co., which reads as follows: ' Referring to your letter of the 14th inst., we beg to say that we decline your offer for the proposed arbitration. '

"Yours, respect'y,

[Signed]                              "S. V. FORNARIS & Co., Agts."

The committee of the maritime association, as arbitrators, after notice proceeded with the arbitration *ex parte*, and made an award.  Upon this award, as well as upon claims involved in other matters, this suit is brought.

It is to be observed that by the terms of the agreement of submission the master (the defendant) was to have an option between two boards of arbitrators, viz., the arbitration committee of the New Orleans Maritime Association, and two arbitrators,—one appointed by each party.  This option the defendant never exercised.  He was asked by the plaintiff to do it, but he simply declined all arbitration.  There is no provision in the agreement to submit which in such a state of things gave the plaintiff any right to elect between these two boards.  The plaintiff could not put into operation the procedure by arbitrators until the defendant had elected, or had signified that he waived his right to elect.  He never did elect, and never signified any intention of waiver.  Under such a state of facts, after the defendant's refusal to participate in arbitration proceedings, the remedy of the plaintiff was a suit for damages for a breach of the agreement to submit, or a suit upon his cause of action, as if there had been no agreement to arbitrate.  There could be no award binding upon the defendant.  My opinion, therefore, is that the award is not binding upon the defendant.